IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER COLEMAN<br>418 Vernon Street<br>Media, PA 19063<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY<br>12th & C Street SW<br>Washington, DC 20024<br>　　　and<br>JANET NAPOLITANO<br>c/o Department of Homeland Security<br>12th & C Street SW<br>Washington, DC 20024<br>　　　and<br>TRANSPORTATION SECURITY<br>ADMINISTRATION<br>601 12th Street<br>Arlington, VA 22202<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.　This action has been initiated by Christopher Coleman (hereinafter referred to as "Plaintiff," unless indicated otherwise) against the Department of Homeland Security, Janet Napolitano, and Transportation Security Administration (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) for violations of the Family Medical Leave Act (hereinafter "FMLA" - 29 U.S.C. §§ 2601 *et al.*) and the Rehabilitation Act of 1973 (hereinafter

"RA" - 29 U.S.C.S §§ 791 *et al.*).[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

3. Plaintiff properly exhausted his administrative remedies under 29 C.F.R. § 1614.407 (a) before proceeding in this Court for violations of the RA by timely filing a formal complaint of discrimination on November 5, 2013 with the Equal Employment Opportunity Investigative Services Office for which the agency issued a final decision on July 2, 2014.

4. The United States District Court for the Eastern District of Pennsylvania is the appropriate venue for this action pursuant to 28 U.S.C. §§1391(e)(2) and (e)(3), in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district, and Plaintiff resides in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Department of Homeland Security (*hereinafter* "Defendant Department") is a cabinet department of the United States federal government that is responsible for protecting the United States and its territories.

---

[1] Disability discrimination and retaliation of federal employees under the RA are interpreted the same as discrimination and retaliation of private employees under the Americans with Disabilities Act. 29 U.S.C.S. § 791 (g). See <u>Delano-Pyle v. Victoria County, Tex., 302 F.3d 567, 574 (5th Cir. 2002)</u> ("The language in the ADA generally tracks the language set forth in the RA," and "[j]urisprudence interpreting either section is applicable to both."). Likewise, the relevant definition of disability set forth in the ADA is applicable to claims made under the RA. See <u>Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 725 n.4 (5th Cir. 1995)</u> (noting that the ADA's definition of a disability is "substantially equivalent" to the RA's definition).

2

8. Defendant Transportation Security Administration (*hereinafter* "Defendant TSA") is an agency of the U.S. Department of Homeland Security that exercises authority over the security of the traveling public in the United States.[2]

9. Defendant Entities are sufficiently interrelated and integrated in their activities, operations, and management that they may be treated as a single and/or joint employer for purposes of the instant action

10. Defendant Janet Napolitano is the Secretary of the Department of Homeland Security and is being named in this Complaint in accordance with the Final Agency Decision issued by Equal Employment Opportunity Investigative Services Office

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendant Entities as a Transportation Security Officer ("TSO") in or about September of 2002.

14. In or about 2005, Plaintiff was diagnosed with ulcerative colitis.

15. Plaintiff's ulcerative colitis limits his enjoyment of many major life activities including but not limited to - at times - performing manual tasks and working.

16. Plaintiff is also prescribed medication because his ulcerative colitis - at times - inhibits his digestive system from functioning properly.

---

[2] Defendant Department and Defendant TSA are *hereinafter* collectively referred to as "Defendant Entities."

3

17. The aforementioned medication which Plaintiff is prescribed can often cause debilitating side effects that also may limit Plaintiff's ability to perform manual tasks and work.

18. In or about 2013, Plaintiff also suffered from other health conditions including but not limited to a torn rotator cuff, hypertension, and depression (which was interrelated with his colitis) Such health conditions, at times, limit his ability to lift, reach, exercise, and perform manual tasks (this is not intended to be an exhaustive list of all life activities that were affected by Plaintiff's aforementioned health conditions).

19. Despite Plaintiff's aforementioned health conditions and limitations, Plaintiff performed his job well for over ten (10) years and received significant praise related to his job performance.

20. Throughout 2011 and 2012, Plaintiff kept Defendant Entities' management apprised of his health conditions, as he occasionally requested and used FMLA-qualifying leave due to flare-ups of his colitis.

21. In or about early 2013, Plaintiff experienced significant complications in connection with his colitis and took a significant amount of FMLA-qualifying leave due to his aforementioned health conditions.

22. In or about April of 2013, Defendant Entities' management told Plaintiff that he was required to provide new FMLA certification forms.

23. On or about April 13, 2013, Plaintiff submitted an FMLA recertification in which his doctor estimated that Plaintiff's colitis and depression (as his depression and colitis were interrelated) may cause him to miss 5-16 days per episode and there could be as many as four (4) episodes per six (6) month period.

24. Plaintiff's primary diagnosis and reason for requesting FMLA was his colitis.

4

25. Plaintiff's recertification was approved and Plaintiff took FMLA-qualifying leave during in or about April and May of 2013.

26. In or about May of 2013, Plaintiff requested an advance on his sick leave (that was yet to accrue) from Defendant Entities' management because he was unable to afford his medications in unpaid status.

27. In or about June of 2013, Defendant Entities' management told Plaintiff that his aforementioned advance sick leave request was being denied because he had requested something that did not exist; however, this was untrue, as there was a practice in place for granting advanced sick leave and repaying it in the manner that Plaintiff had requested.

28. In or about July of 2013, Plaintiff again requested advanced sick leave from Defendant Entities' management.

29. On or about July 23, 2013, Defendant Entities' management informed Plaintiff that his second request for advanced sick leave (as discussed *supra*) was denied.

30. A member of Defendant Entities' Human Resources ("HR") Department regularly expressed hostility towards Plaintiff's medical conditions and need for time off from work, telling him that he "should go on disability" and that he was "out more than in."

31. In or about late July of 2013, Plaintiff submitted a light duty request to Defendant Entities' management, which stated that he should work a maximum of 4 hours per day / 20 hours per week.

32. Plaintiff's July 2013 light duty request was only related to his aforementioned rotator cuff tear (not any of his other health conditions).

5

33. Approximately three days after Plaintiff submitted the aforementioned light duty request, Plaintiff provided Defendant Entities' management with a notification from his doctor stating that he was cleared to work with no restrictions (although it would slow his recovery).

34. On or about August 5, 2013, Defendant Entities' management sent Plaintiff home from work and told him that he was not permitted to work until his aforesaid light duty application was either approved or denied.

35. Plaintiff was also instructed to call out "sick" during the time that he was not permitted to attend work while his light duty application was pending.

36. Plaintiff told Defendant Entities' management that he had been cleared to work without restrictions and that he no longer needed the light duty, but Defendant Entities' management told him that he could not work and that he would need to have paperwork filled out by his doctor.

37. During the aforementioned conversation on or about August 5, 2013, Plaintiff informed Defendant Entities' management that he would be filing a complaint with the EEO.

38. Defendant Entities' management provided Plaintiff with light duty paperwork for his physician to fill out as well as a Federal Occupational Health ("FOH") form.

39. Defendant Entities' management told Plaintiff that the FOH form was voluntary, that it would allow his doctor to communicate directly with Defendant Entities' doctor, and that it was a way to bypass Defendant Entities' HR department.

40. Defendant Entities' management further told Plaintiff that the FOH form was not required.

41. Plaintiff felt no need to bypass Defendant Entities' HR department, so he did not complete the FOH form and merely had his doctor fill out the light duty paperwork that had been provided by Defendant Entities' management.

42. Defendant Entities' management accepted the resubmission of Plaintiff's light duty and did not question Plaintiff about his decision to not submit the FOH form.

43. Plaintiff's aforementioned light duty resubmission indicated that Plaintiff could work full eight (8) hour days, however Plaintiff had certain physical restrictions (lifting, reaching, etc.) that he could only perform for four (4) hours per day.

44. On or about August 21, 2013, Plaintiff received a letter stating that his light duty request had been approved and that he was to report to work on or about August 24, 2013.

45. On or about August 23, 2013, approximately two days after the approval of Plaintiff's light duty request (as discussed *supra*), Plaintiff was informed by Defendant Entities' management that his light duty request had been denied because there were no positions which Plaintiff could perform with his restrictions.

46. Defendant Entities' representation that there were not positions which Plaintiff could perform with his restrictions was completely false, as there were several other positions that Plaintiff could have performed.

47. On or about August 23, 2013 (the same day that Plaintiff's light-duty approval was rescinded), Plaintiff received a "notice of proposed removal," essentially terminating his employment.

48. Defendant Entities' medical professional stated, "Since Mr. Coleman does not wish to sign a release for FOH to contact his psychiatrist, he is not able to meet TSA guidelines for depressive related disorders, and he is not fit for duty as a Transportation Security Officer."

49. Defendants did not contact Plaintiff to ask which of absences were attributed to colitis and which were attributed to depression. Further, Defendants never asked for permission to speak to Plaintiff's physicians.

50. The vast majority of Plaintiff's absences were, in fact, caused by his colitis and not his depression.

51. Plaintiff was forced out of work following an application for light-duty work, even after being cleared to work with no restrictions, and remained out of work until he was terminated (which was one (1) day before his scheduled return to work).

52. Plaintiff was terminated in close temporal proximity to taking time off from work due to his health conditions, requesting accommodations, complaining of discrimination, and apprising Defendant Entities' management of his health conditions.

53. Plaintiff believes and therefore avers that he was terminated because of his health conditions, his requests/utilization of protected FMLA-leave and/or medical accommodations, and in retaliation for his complaints of discrimination.

## COUNT I
### Violations of the Rehabilitation Act of 1973 ("RA")
**[1] Disability Discrimination, [2] Failure to Accommodate, [3] Retaliation**

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff experienced several adverse employment actions based on his health conditions, because of his complaints of discrimination, and/or in retaliation for his requests for accommodations.

56. The adverse employment actions taken against Plaintiff because of his disabilities and/or for engaging in protected activity include: (1) denying his advance leave requests, (2) denying his accommodation requests, and (3) terminating his employment.

57. Plaintiff was terminated because of: (1) his known health conditions; (2) his perceived health conditions; (3) due to his record of impairment; (4) his requests for accommodations; and/or (5) his complaints of disability discrimination.

58. These actions as aforesaid constitute violations of the RA.

## COUNT II
### Violations of the Family Medical Leave Act ("FMLA")
### Retaliation

59. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

61. Plaintiff requested leave from Defendants, his employer(s), with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

62. Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment.

63. Plaintiff requested and used FMLA-qualifying leave during his employment.

64. Over the last several months of his employment with Defendants, Plaintiff took a significant amount of FMLA leave.

65. Defendant Entities' management subjected Plaintiff to hostility and animosity in response to Plaintiff need and requests for time off from work (related to his serious health conditions).

66. Defendants committed retaliation violations of the FMLA by terminating Plaintiff: (1) for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs; and (3) to prevent him from taking further FMLA-qualifying leave in the future.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                        Respectfully submitted,

                        **KARPF, KARPF & CERUTTI, P.C.**

By:    _____
                        Ari R. Karpf, Esq.
                        3331 Street Road
                        Two Greenwood Square
                        Suite 128
                        Bensalem, PA 19020
                        (215) 639-0801

Dated: September 24, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christopher Coleman | : | CIVIL ACTION |
| v. | : | |
| Department of Homeland Security, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 9/25/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 418 Vernon Street, Media, PA 19063

Address of Defendant: 12th & C Street SW, Washington, DC 20024; 601 12th Street, Arlington, VA 22202

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/25/2014   _____   ARK2484
              Attorney-at-Law                  Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/25/2014   _____   ARK2484
              Attorney-at-Law                  Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COLEMAN, CHRISTOPHER

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, PC, 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
DEPARTMENT OF HOMELAND SECURITY, et al.

County of Residence of First Listed Defendant   Washington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Family and Medical Leave Act "FMLA" (29USC2601); Rehabilitation Act of 1973  "RA" (29USC791)
Brief description of cause:
Violations of the FMLA and the RA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  9/25/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE